UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HANCOCK INSURANCE COMPANY (U.S.A.),<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MINDY GOSS, et al.,<br><br>　　　　　Defendants. | Case No.   14-cv-04651-WHO<br><br>**ORDER REGARDING REAL PARTY IN INTEREST** |

　　　　In Windsor Security Inc.'s ("Windsor") reply to its motion for summary judgment, it argued for the first time that Mindy Goss is not a proper party to this action because she is not the Trustee of the Joe E. Acker Family Insurance Trust. Dkt. No. 45. The parties discussed this issue at the hearing. Because the Trust had not had an opportunity to respond to this new matter, I allowed it to file a supplemental brief with evidence concerning this issue.

　　　　Having reviewed the evidence provided by the Trust as well as Windsor's sur-reply, I conclude that it is in the interest of justice to allow substitution of a legally authorized Trustee in order to resolve the real party in interest issue raised by Windsor. It would appear that the current Trustee is Mark Goss, unless there is some impediment to his serving as Trustee. If there is an impediment, counsel for the Trust should follow the procedure set forth in the Trust instrument to name Mindy Goss or some other qualified individual. Once that is accomplished, I will decide the pending summary judgment motion.[1]

**BACKGROUND**

　　　　The Premium Financing Agreement ("PFA") that set up the Trust designates Ronald Mark Goss ("Mark Goss") as the Trustee. Dkt. No. 51, Ex. A. It states that if the Trustee is determined

---

[1] Windsor's request for leave to file a sur-reply is GRANTED and the Trust's objection to the sur-reply is OVERRULED. *See* Dkt. Nos. 56, 57.

by two licensed physicians to be physically, mentally, or legally incapacitated, he shall cease to act as Trustee. *Id.* Alternatively, the "Trustee shall have the right to resign at any time by delivering or mailing written notice of such resignation to the Settlor and Named Beneficiaries hereunder." *Id.* "If the Trustee resigns or otherwise ceases to act as Trustee, the Named Beneficiaries will have the right to appoint as successor Trustee any person that is qualified to act as trustee. . . ." *Id.* This appointment will become effective upon either the acceptance of the successor or a specified date "in written notice of such appointment delivered by the Named Beneficiaries to the Trustee being replaced." *Id.*

The PFA further provides that "[t]he decision of Trustee with respect to the exercise or nonexercise by it of any discretionary power hereunder, or the time or manner of the exercise thereof, made in good faith, shall be conclusive and binding upon all persons interested in the trust." *Id.* It also gives the Trustee "plenary powers" of doing "all such acts, tak[ing] all such proceedings, and exercis[ing] all such rights and privileges, although not specifically mentioned, with relation to any such property, as though the absolute owner thereof, and in connection therewith to make, execute and deliver any instruments and to enter into any covenants or agreements binding any trust hereunder." *Id.*

## LEGAL STANDARD[2]

Under California law, a "trustee has the power to hire persons, including accountants, attorneys, auditors . . . or other agents, even if they are associated or affiliated with the trustee, to advise or assist the trustee in the performance of administrative duties." CAL. PROB. CODE § 16247. "Whenever there is a change of trustee of an irrevocable trust," a Trustee must notify beneficiaries and various other interested parties. CAL. PROB. CODE § 16061.7(2).

## DISCUSSION

The Trust asserts that Mark Goss remains the Trustee and that Mindy Goss is authorized to act as Trustee via power of attorney. Dkt. No. 50 at 2-3. The former assertion appears to be correct, but not the latter.

---

[2] The PFA provides that California law applies, and the parties do not dispute this matter.

Mindy Goss is the wife of Mark Goss, who is incarcerated. The Trust submits that on February 6, 2012, Goss signed a document giving general power of attorney to Mindy Goss. Dkt. No. 51, Ex. B. This allows Mindy Goss to "do any other thing or perform any other act, not limited to the foregoing, which I might do in person, it being intended that this shall be a general power of attorney." *Id.* The Trust states that Mindy Goss has taken only four actions as trustee and states that they were all ratified by Mark Goss. Dkt. No. 50 at 3.

It is one thing to act pursuant to a power of attorney, and another to act as a trustee. Under the terms of the PFA, Mark Goss remains the Trustee of the Trust. Windsor does not dispute the Trust's assertions that no one has determined that Goss has a physical, mental, or legal disability rendering him unable to manage the affairs of the Trust, as provided in the PFA. Dkt. No. 50 at 2. Although Windsor points to Mark Goss's declaration that asserts "I ceased to act as trustee on February 16, 2012," Dkt. No. 55 at 2, this assertion does not mean that Mark Goss is legally no longer the Trustee of the Trust.[3] He did not resign in writing with notice to the Settlor and Named Beneficiaries, as required by PFA. He was not determined to be otherwise unable to act as Trustee. In the absence of other evidence, his subjective assertion that he ceased to act as Trustee does not have any legal effect.

Yet in this litigation the Trust's counsel did not contest, and in fact adopted as true, that Mindy Goss, not Mark Goss, was the Trustee. *See* Dkt. Nos. 1, 9 and 18 (the complaint and crossclaims). From the supplemental briefing, I understand that the Trust's position is that Mark Goss remains the Trustee, with Mindy Goss as a co-Trustee or acting Trustee of the Trust by virtue of the power of attorney. But although the power of attorney authorizes Mindy to act *on behalf of* Mark Goss, it does not make her a Trustee or co-Trustee of the Trust. The PFA does not allow Mark Goss to unilaterally appoint a co-Trustee or successor co-Trustee. The Trust has not submitted any document that specifically authorizes Mindy Goss to act as co-Trustee of the Trust, or any document indicating that the beneficiaries were notified of Mindy Goss's appointment as

---

[3] Moreover, it appears that this assertion reflects Mark Goss's (incorrect) belief that by giving his wife power of attorney, he was also making her Trustee of the Trust, since he states that he ceased acting as Trustee ten days after he signed the power of attorney.

3

co-Trustee. Therefore, it appears that Mark Goss, not Mindy Goss, should have been, and should be now, the named Trustee in this action. *See Joam Co. v. Stiller*, No. C-82-4392-RHS, 1982 WL 1725, at *3 (N.D. Cal. Dec. 14, 1982).

The Trust requests that if I determine Mark Goss is the real party in interest, I allow it to substitute Mark Goss as the representative of the Trust. Dkt. No. 50 at 4. Based on this record, I will do so. The Trust cites several persuasive cases for the proposition that "courts have permitted plaintiffs who have been determined to lack standing, or who have lost standing after the complaint was filed, to substitute as plaintiffs the true real parties in interest." *Branick v. Downey Sav. & Loan Ass'n*, 39 Cal. 4th 235, 243 (2006); *see also* FED. R. CIV. P. 17 ("The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."). In its sur-reply, Windsor did not address this argument.

I find that the mistake the counsel for the Trust made in making Mindy Goss the party in this lawsuit was reasonable and made in good faith. The substitution of a trustee would in no way alter the original complaint's and cross-claims' material factual allegations or the underlying basis for Windsor's motion for summary judgment. In the absence of any authority requiring me to deny substitution, I further find that it is in the interests of justice to allow the Trust to substitute the proper Trustee as the real party in interest. By **September 16, 2015**, the Trust is directed to substitute Mark Goss as the Trustee, or if there is some reason that he is ineligible to serve, to submit sufficient documents to support a finding that Mindy Goss or some other legally authorized person is the proper Trustee in this action.

**IT IS SO ORDERED**.

Dated: September 2, 2015

WILLIAM H. ORRICK
United States District Judge

4